IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DERRICK N. McKINNEY,

       Petitioner,

v.                               Civil Action No. 5:06CV144
                                          (STAMP)
WAYNE PHILLIPS, Warden,[1]

       Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se[2] petitioner, Derrick N. McKinney, filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons ("BOP") to transfer him to a Community Corrections Center ("CCC")[3] for the final six months of his term of imprisonment. This matter was referred to United States Magistrate Judge John S. Kaull for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09 et seq.

The petitioner filed a timely response to a show cause order arguing that the petitioner's claims were not ripe for adjudication

---

[1]Under Federal Rule of Civil Procedure 25(d), Warden Wayne Phillips is automatically substituted as the proper party respondent in this civil action.

[2]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

[3]The term Residential Re-entry Center ("RRC") has replaced the term Community Corrections Center. Because the parties use the term "CCC" in their pleadings, this Court will do so as well.

because the petitioner had not yet been reviewed for CCC placement, that the petitioner failed to exhaust his administrative remedies, and that the challenged regulation is valid. The petitioner filed a reply. Upon further review of the file, and because the petitioner's eligibility for CCC placement had been assessed since the respondent's initial response, the magistrate judge directed the respondent to file a copy of the petitioner's CCC referral form, as well as any supplemental response that he might have to the § 2241 petition. The respondent filed the referral form and a supplemental response claiming that when the petitioner's CCC eligibility was assessed, the challenged policy was not considered, and therefore, the petitioner's claim was moot. The petitioner did not file a response.

On January 5, 2009, the magistrate judge entered a report and recommendation recommending that the petitioner's § 2241 petition be denied as moot. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

## II. Facts

The petitioner was sentenced on July 13, 2006, in the United States District Court for the Northern District of Ohio, to a

period of imprisonment of 36 months to run concurrent with all counts for conspiracy to defraud, in violation of 18 U.S.C. § 371, securities fraud and aiding and abetting, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. 240.10(b)-5, attempt to evade or defeat tax, in violation of 26 U.S.C. § 7201, and fraud and swindles, aiding and abetting, in violation of 18 U.S.C. § 2. The petitioner was recommended by his Unit Team for placement in a CCC for a term of 90 to 120 days. At the time the magistrate judge's report and recommendation was issued, the petitioner's release date, with good-time credit, was estimated by the BOP to be April 30, 2009. A search of the BOP inmate locator website on February 6, 2009, confirms that April 30, 2009 is still, in fact, the petitioner's projected release date, and that the petitioner is currently located at CCM Cincinnati.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a _de novo_ review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to _de novo_ review is waived. See _Webb v. Califano_, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

IV.  Discussion

Pursuant to 18 U.S.C. § 3621(b), the BOP must consider five factors when determining the period for CCC placement.  The factors include the following:

(1)  the resources of the facility contemplated;

(2)  the nature and circumstances of the offense;

(3)  the history and characteristics of the offender;

(4)  any statement by the court that imposed the sentence--

   (A)  concerning the purposes for which the sentence  to imprisonment was determined to be warranted; or

   (B)  recommending a type of penal or correctional  facility as appropriate; and

(5)  any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

The petitioner correctly asserts that the BOP cannot rely upon a categorical formula to determine the length of an inmate's CCC placement, but must consider the § 3621(b) statutory factors. Thus, the petitioner contends that he is being unlawfully denied transfer to a CCC for the last six months of his sentence.

This Court has reviewed the magistrate judge's report and recommendation for clear error and concludes that the petitioner is not entitled to an order from this Court directing the BOP to transfer the petitioner to CCC placement for the final six months of his term of imprisonment.  An inmate's placement in a CCC, which is limited to the lesser of ten percent of his sentence or six

months, is invalid only when the BOP fails to consider the § 3621(b) statutory factors. In this case, the BOP referral form demonstrates that the BOP utilized the § 3621(b) factors when determining the petitioner's length of CCC placement of between 90 to 120 days. Specifically, the form states the following:

> Inmate McKinney was reviewed under 18 USC 3621(b): 1. There are available community corrections in his release area. 2. The nature and circumstances of the offense are eligible for community corrections as there was no violence or other extenuating circumstances that would preclude placement. 3. The history and characteristics of the inmate are: he has an established residence and community ties, he has a high school diploma, an Associate's Degree in Applied Science, and is 13 credits short of a Bachelor's Degree, should have no problem securing employment during community corrections placement as he was employed prior to the instant offense, and he has not been removed from the community for a particularly lengthy period. Therefore, a 90 to 120 day placement should be an adequate amount of time for him to take full advantage of the transitional services and programs. 4. There were no statements on the J&C from the sentencing court in the Northern District of Ohio regarding community corrections placement at the time of sentencing. 5. There is no pertinent policy by the Sentencing Commission.

(Dckt. 12-3.) Furthermore, the petitioner's case manager made a declaration that she utilized the five enumerated factors in 18 U.S.C. § 3621(b) in determining the petitioner's CCC placement period. (Dckt. 10-2.) The petitioner has failed to present any credible information showing that this declaration is untruthful. Accordingly, this Court finds no clear error in the magistrate judge's finding that the BOP has met all of its requirements by considering the § 3621(b) factors in determining the petitioner's CCC placement.

Furthermore, this Court finds no clear error in the magistrate judge's finding that because the petitioner has received all of the benefits to which he is entitled, the issues for which the petitioner seeks redress are moot. Therefore, this Court must dismiss this action for lack of subject matter jurisdiction. The jurisdiction of federal courts is limited to live cases or controversies. U.S. Const. art. III, § 1. When a case no longer presents a viable legal issue to resolve, the case becomes moot. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, the magistrate judge properly found that the petitioner has already been granted the relief that he sought, namely that the BOP considered the § 3621(b) factors when making its determination concerning the petitioner's CCC placement period.[4] In addition, this Court observes that according to the BOP inmate locator website, the petitioner has already been transferred to a CCM Cincinnati. Therefore, this Court finds that the petitioner's legal challenges no longer require resolution. For these reasons,

---

[4]To the extent that the petitioner seeks an order requiring the BOP to afford him a longer period of CCC placement, this Court lacks authority to grant the relief he seeks. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 251 (3d Cir. 2005) (the BOP's authority to grant an inmate CCC placement does not impose a requirement that it must do so).

this case is moot, and this Court lacks the requisite jurisdiction to consider the issues raised therein.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:     February 9, 2009


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE